## IN THE CIRCUIT COURT OF WASHINGTON COUNTY, MISSISSIPPI

**TERESSA J. WILLIAMS**                                                                **PLAINTIFF**

**VS.**                                                                 **CAUSE NO.** 2021-0009 CI

**LIGHTHOUSE POINT, LLC**
**D/B/A TROP CASINO GREENVILLE**                                        **DEFENDANT**

Received & Filed
FEB 0 5 2021
Barbara Esters Parker
By: _____ D.C.

### COMPLAINT
(Jury Trial Demanded)

**COMES NOW** Plaintiff, Teressa J. Williams, and files this her Complaint for damages against Defendant, Lighthouse Point, LLC d/b/a Trop Casino Greenville, and in support thereof would show as follows:

1.

The Plaintiff, Teressa J. Williams (hereinafter referred to as "Plaintiff"), is an adult resident citizen of Greenville, Washington County, Mississippi.

2.

The Defendant, Lighthouse Point, LLC d/b/a Trop Casino Greenville (hereinafter referred to as "Trop Casino"), is a Mississippi corporation, organized and existing by virtue of the laws of the State of Mississippi and licensed to do business in the State of Mississippi and at all pertinent times was doing business as the Trop Casino located at 199 North Lakefront Road, Greenville, Washington County, Mississippi. Defendant Trop Casino may be served with process of this Court through its registered agent for service of process, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

3.

The Plaintiff's accident which gives rise to this lawsuit occurred in Greenville, Washington County, Mississippi, and therefore this Court is the proper venue for this action. This Court has subject matter jurisdiction of the facts set forth in this Complaint and in personal jurisdiction of the parties hereto.

**UNDERLYING FACTS**

4.

On or about February 10, 2018, Plaintiff was at the Trop Casino located at 199 North Lakefront Road in Greenville, Mississippi. On said date, Plaintiff was lawfully on the property owned and operated by Trop Casino for the purpose of dining and, as such, Plaintiff was a business invitee of Trop Casino. While at the Trop Casino, Plaintiff slipped and fell in water a few feet from inside the main entrance of the casino. There were no wet floor signs or other warning signage in the area of Plaintiff's fall inside the main entrance of the casino to notify of potential hazards to Trop Casino's customers. As the result of her fall, Plaintiff sustained serious personal injuries and other damages as hereinafter set forth.

**NEGLIGENCE**

5.

At all times pertinent hereto, Plaintiff was a business invitee of Trop Casino, and, as such, Trop Casino owed a duty to Plaintiff to keep its premises in a reasonably safe and suitable condition or to warn her of dangerous conditions not readily apparent, conditions of which Trop Casino knew or should have known, by the exercise of reasonable care. Furthermore, Trop Casino

owed a duty to Plaintiff not to create potentially hazardous conditions or, alternatively, to warn Plaintiff and others similarly situated of the existence of such potentially hazardous conditions.

6.

In connection with the maintenance of its property, Trop Casino was guilty of the following negligent acts of omission and/or commission:

a) creating a dangerous condition on the Defendant's premises;

b) failing to warn the Plaintiff of a dangerous condition that existed on the premises;

c) failing to exercise due diligence to keep the premises in reasonably safe condition for the use of the business invitees such as the Plaintiff;

d) failing to exercise reasonable care to prevent injury to the Plaintiff and other invitees from hazardous conditions on the premises;

e) in allowing a condition to exist which created an unreasonable danger to invitees such as the Plaintiff;

f) in failing in its duty to exercise reasonable care to keep the premises in a reasonably safe and suitable condition which includes warning of latent or hidden dangers of which the Defendant knew, or with the exercise of reasonable care, should have known; and

g) in other ways to be shown upon completion of discovery in the trial of this case.

3

## CAUSATION AND DAMAGES

7.

As a direct and proximate result of the acts of omission and commission of Trop Casino, as set forth in the numbered paragraphs in regard to negligence, Plaintiff suffered personal injuries to her body and other damages as are more fully set forth below:

a) suffered personal injuries to her body, including injuries to her neck, back, and right shoulder;

b) suffered, suffers, and will continue to suffer pain and anguish from her injuries;

c) was forced to seek medical care and attention for treatment of the injuries sustained by her, and as a proximate result of the accident aforementioned, has incurred significant medical expenses, the specific amount to be proven at the trial of this matter;

d) will likely incur future medical expenses for treatment of injuries sustained by her in said accident;

e) has suffered lost wages;

f) has sustained a loss of enjoyment of life as a result of her disabling injuries and her pain and suffering; and

g) has sustained a permanent impairment of function as a result of her injuries.

## AD DAMNUM

8.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Williams, brings this cause of action against Defendant Trop Casino under the cause of negligence as provided herein and demands judgment against said Defendant, in an amount in excess of the minimum jurisdictional limits of this Court for the compensatory damages for all injuries suffered, expenses incurred, and damages sustained by Plaintiff as set forth hereinabove and as will be specifically proven at the trial of this matter; and damages for the Plaintiff's past, present, and future physical and mental pain and suffering, impairment of function, lost wages, loss of enjoyment of life and medical expenses as set forth hereinabove and for all expenses and costs of this action.

**RESPECTFULLY SUBMITTED, THIS,** the 5th day of February, 2021.

L. DOUGLAS WADE, JR., MSB NO. 99999
*Counsel for Teressa J. Williams, Plaintiff*

OF COUNSEL:

WADE LAW OFFICE, PLLC
255 South Poplar Street (38701)
P.O. Box 1557
Greenville, MS 38702-1557
T: (662) 332-2000
F: (662) 332-2067