IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRESA J. WILLIAMS**                                                                       **PLAINTIFF**

**v.**                                                       **CASE NO. 4:21cv80-DMB-JMV**

**LIGHTHOUSE POINT, LLC**                                                **DEFENDANT**

**ORDER DENYING MOTION TO STRIKE**

This matter is before the court on motion [51] of Plaintiff Teressa J. Williams (hereinafter "**Williams**"), by and through her counsel of record, to strike Dr. James C. Varner as an expert witness in this matter for insufficient disclosure. The motion has been fully briefed. As explained below, the court finds the same to be without merit.

According to plaintiff's motion, though Dr. Varner was designated timely by the defense on December 22, 2021, his listing of prior testimony included therein reflected only the dates on which he provided the testimony, the name of the attorney who retained him to provide the testimony on that date, and an individual's name, presumably the patient about whom he testified. No case caption, cause number, or name of court was provided with Dr. Varner's listing of prior testimony.

The discovery deadline ran on January 20, 2022, but by agreement of counsel, on January 26, 2022, they took the deposition of Dr. Varner. On the morning of the deposition, plaintiff's counsel inquired via email of the defense counsel for the first time as follows:

> Could you reach out to Dr. Varner's office this morning for a list of prior testimony to include the cases in which he testified? Just the name of the attorney and patient is not that helpful. Also it looks like he has not testified since 2019? Maybe due to Covid? Thanks, Doug

1

*See* Ex. 1 to [58] Reply. Apparently, no response to the email was made, and the court is unaware what testimony, if any, was thereafter solicited or provided on the subject at the deposition itself.

No motion challenging the sufficiency of the expert disclosure was made until February 22, 2022—two months after the disclosure was made, a month after discovery ran on January 20, 2022, and nearly a month after Dr. Varner's deposition was taken.

The parties both acknowledge that pursuant to Fed. R. Civ. P. 26(a)(2)(B)(v), a party's disclosure of an expert witness must include "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." However, plaintiff's counsel asserts further that

> Courts interpreting this provision of Rule 26 have routinely held that it requires a party to disclose sufficient information . . . so that the opposing party's counsel can procure copies of the deposition or trial testimony. *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y., 1999) (*citing Majewski v. Southland Corp.*, 170 F.R.D. 182, 185 (D. Kan., 1996); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D.Kan., 1995)), [and] Courts have further held that the identification of matters in which the expert has previously provided testimony required by Rule 26(a)(2)(B)(v) at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. *Nguyen*, 162 F.R.D. at 682.

*See* [52] at 2. The defense, on the other hand, asserts that the authorities on which plaintiff relies for asserting that a case caption, in particular, is required to comply with Fed. R. Civ. P. 26(a)(2)(B)(v) expert disclosure requirements are from Kansas and New York, and in any event, they do not ameliorate the Local Rule 26(a)(3), which states:

> Failure to Disclose. If a party fails to make a disclosure required by [Local Rule 26], any other party must move to compel disclosure and for appropriate sanctions under FED. R. CIV. P. 37(a). . . . Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived.

L.U. Civ. R. 26(a)(3).

In essence, the defense argues that since, in this case, the plaintiff failed to move to challenge the sufficiency of the disclosure until February 22, 2022, the plaintiff waived any insufficiency challenge altogether. For her part, the plaintiff points out that the date for designation of defendant's expert, December 22, 2021, was, in fact, only 29 days before the discovery deadline ran, making it impossible, by one day, for her to have complied with the 30-day requirement.

In the court's view, this is not a case of a wholesale failure to undertake to disclose sufficient information regarding prior testimony, inasmuch as a number of identifying facts were disclosed concerning that testimony. And, since plaintiff's counsel was permitted to question Dr. Varner under oath at his deposition, counsel presumably was able to question him personally on this topic then, too. Despite this, plaintiff did not seek court intervention until approximately two months after the disclosure itself was made, one month *after* the discovery deadline ran, and weeks after the alleged insufficiency was concededly recognized by him on January 26, 2022.

For the foregoing reasons the finds the instant motion to strike [51] without merit, and the same is hereby **DENIED.**

**SO ORDERED** this, the 8th day of April, 2022.

/s/ Jane M. Virden
United States Magistrate Judge